+IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIE HAWKINS SMITH | : | NO. 12-658-1 |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIE HAWKINS SMITH | : | NO. 15-244 |

MEMORANDUM

Bartle, J.                                              October 27, 2025

Before the Court is the pro se motion of defendant Willie Hawkins Smith for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Defendant entered a plea of guilty before Judge Lawrence F. Stengel in both criminal actions. In Criminal Action No. 12-658-01, he pleaded guilty to two counts of robbery which interferes with interstate commerce and aiding and abetting (18 U.S.C. § 1951(a) and 18 U.S.C. § 2), and to using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. §2). In Criminal Action No. 15-244-01, he pleaded guilty to conspiracy to commit robbery which interferes with interstate commerce (18 U.S.C. § 1951(a)), to robbery which interferes with interstate commerce and aiding and abetting (18 U.S.C. § 1951(a) and 18 U.S.C. § 2), and to using

and carrying a firearm during a crime of violence and aiding and abetting (18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2). The charges arose out of a series of jewelry store robberies he committed in Pennsylvania, New Jersey and Delaware.

Defendant faced life imprisonment. The court, however, sentenced him to 120 months and one day to be followed on certain counts by three years and on others by five years of supervised release. Defendant did not appeal. Defendant began serving his supervised release on July 15, 2021. It is scheduled to expire on July 14, 2026.

In support of his pending motion, defendant writes that he has "demonstrated exceptional conduct throughout the course of his supervised release" and has been in full compliance with the requirements of his Probation Officer. He explains that he has been "free of any criminal activity . . . and proactively engaged in endeavors for personal growth, career advancement and community integration." He notes that he is "fortunate to have a strong and unwavering support system comprised of family, friends and mentors . . . ." The court has no information to the contrary and commends defendant for turning his life around after such a violent criminal history.

This, however, does not end the analysis. Defendant signed a Guilty Plea Agreement, which applied to both actions and which the court found to be knowing and voluntary. It

contains an appellate waiver.  With exceptions not relevant here, it provides in paragraph 12:

> In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

The imposition of sentence includes not only the terms of imprisonment but also the terms of supervised release. United States v. Damon, 933 F.3d 269, 273 (3d Cir. 2019); United States v. Wadlington, Crim. A. No. 12-457-2, 2022 WL 206173 at *1 (E.D. Pa. Jan. 24, 2022).  Defendant, pursuant to his voluntary and knowing Guilty Plea Agreement, waived, that is gave up, his right to appeal his sentence or otherwise to challenge it collaterally unless enforcing the waiver would work a miscarriage of justice.  See Damon, 933 F.3d at 272.  His motion seeking early termination of his supervised release is in effect a motion to attack collaterally the terms of his sentence.  Since no miscarriage of justice has been shown, his motion contravenes his Guilty Plea Agreement and will be denied.  Defendant, represented at that time by counsel, made a bargain with the Government, and the bargain must be kept.